United States District Court
Southern District of Texas
**ENTERED**
March 02, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRANDON JEWEL CORNETT, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-22-0042 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner filed this *pro se* habeas petition under 28 U.S.C. § 2254, challenging his 2011 murder conviction. He raises claims for ineffective assistance of trial counsel.

The petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)–(2).

Public state court records show that a jury found petitioner guilty of murder and assessed punishment for a forty-two year term of imprisonment on August 3, 2011. The conviction was affirmed on direct appeal, and the Texas Court of Criminal Appeals refused discretionary review on June 12, 2013. Petitioner's conviction became final on September 10, 2013, and the one-year AEDPA limitation expired on Monday, September 15, 2014, subject to tolling under 28 U.S.C. § 2244(d)(2).

Online state court records show that petitioner's application for state habeas relief, filed with the trial court on June 9, 2014, was denied by the Texas Court of Criminal Appeals on October 25, 2017. Because petitioner filed his state habeas application with 99 days left on the AEDPA limitations "clock," his federal petition was due February 1, 2018.

Petitioner's instant federal habeas petition, filed on December 17, 2021, is untimely by nearly four years. Because the petition shows on its face that it is barred by limitations,

the Court ordered petitioner to show cause why the petition should not be dismissed as barred by the AEDPA one-year statute of limitations. In his response to the show cause order, petitioner argues that the limitations statute is unconstitutional; that his unlawful incarceration itself constituted state action that impeded his timely filing; that he is proceeding *pro se* and needed more than a year to prepare and file a proper habeas petition; and that he is entitled to equitable tolling due to COVID-19 and the resulting prison lock downs. (Docket Entry No. 8.)

Petitioner's arguments are unfounded. The constitutionality of AEDPA and its limitations provision is well established, and petitioner's constitutional challenges to the statutory scheme are foreclosed by Supreme Court and Fifth Circuit precedent. *See Felker v. Turpin*, 518 U.S. 651, 663–64 (1996) (determining that AEDPA does not suspend the writ of habeas corpus in violation of Article I, § 9, clause 2, of the United States Constitution); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (holding that the AEDPA limitations provision is not unconstitutional). Nor is petitioner entitled to equitable tolling premised on his *pro se* status, his incarceration, limited access to legal resources, or lack of legal training. *Id.* (finding that prisoner's unfamiliarity with legal process and lack of representation during collateral review do not excuse untimely filing); *Felder v. Johnson*, 204 F. 3d 168, 171–73 (5th Cir. 2000) (holding that *pro se* prisoner status, illiteracy, deafness, lack of legal training and unfamiliarity with the legal process are insufficient reasons to equitably toll AEDPA limitations). Petitioner pleads no factual allegations supporting a claim that he acted

3

diligently in pursuing habeas relief. Further, because petitioner's limitations period expired on February 1, 2018, he cannot show that the COVID-19 pandemic, which arose in 2020, prevented his filing of a timely habeas petition. Accordingly, there is no statutory or other basis to save petitioner's untimely federal petition, and it must be dismissed.

This lawsuit is **DISMISSED WITH PREJUDICE** as barred by limitations. Any and all pending motions are **DENIED AS MOOT**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the 2nd day of March, 2022.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE